IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ROCKIE DURAL PICKENS, #71454                                      PLAINTIFF

V.                                    CIVIL ACTION NO. 1:17-cv-315-HSO-JCG

M. LEIGHANN ROUSH                                                 DEFENDANT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is a Motion to Dismiss (ECF No. 2) under Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed by Defendant M. Leighann Roush. Plaintiff Rockie Dural Pickens, a postconviction state prisoner, alleges that Roush, in her individual capacity, violated his constitutional right to access the courts by not providing notary services until sixteen days after Plaintiff requested them. Plaintiff maintains that a state court appeal was dismissed because of Roush's delay. Having considered the submissions of the parties, the record, and relevant law, the undersigned concludes that Defendant's Motion to Dismiss should be granted. Taking all of the facts in Pickens' Complaint as true, it is clear that the dismissal of Pickens' appeal cannot be attributed to Roush.

BACKGROUND

A.    Factual History

On May 16, 2013, Pickens pleaded guilty in the Circuit Court of Forrest County, Mississippi, to possession of a controlled substance and was sentenced to eight years in the custody of the Mississippi Department of Corrections (MDOC). (ECF No. 1-2, at 12). The Circuit Court suspended Pickens' entire sentence, excluding time already served, and placed Pickens on post-release supervision for

five years. (ECF No. 1-2, at 13). Pickens violated the terms of his post-release supervision, and the Circuit Court revoked his probation, remanding him into the custody of the MDOC to serve the remainder of his sentence. (ECF No. 1-2, at 13). Pickens moved for postconviction relief in the Circuit Court of Forrest County, Mississippi, which the Circuit Court summarily dismissed on February 2, 2017. (ECF No. 1-2, at 12-15 (Exhibit A)).

Pickens' claim against Roush stems from events occurring after the Circuit Court dismissed Pickens' motion for postconviction relief. Upon learning of the dismissal, Pickens appealed. (ECF No. 1-2, at 5). Then on April 5, 2017, while incarcerated at the Jackson County Adult Detention Center in Pascagoula, Mississippi, Pickens asserts that he requested notary services in order to get his "affidavit of poverty notarized so that it and the accompanied motion for *in forma pauperis* could be mailed and filed in said appeal." (ECF No. 1-2, at 6). Roush, then employed by the jail as a paralegal, handled notary services. (ECF No. 1-2, at 6). Roush allegedly notified Pickens on April 11, 2017, that he was "placed on [the] notary list." (ECF No. 1-2, at 6). But Pickens purportedly did not receive those services until April 21, 2017, sixteen days after he requested them. (ECF No. 15-1, at 4). Amidst the wait, on April 18, 2017, Pickens' appeal was "dismissed for failure to pay the costs of appeal." (ECF 1-2, at 6).

B.    Procedural History

On September 18, 2017, Pickens filed a civil complaint, *pro se* and *in forma pauperis*, in the Circuit Court of Jackson County, Mississippi, styled *Rockie Dural*

*Pickens, # 71454 v. M. Leighann Roush,* Cause No. 2017-00179(1).[1] Roush removed the suit to this Court on November 2, 2017. (ECF No. 1). On November 9, 2017, Roush filed a Motion to Dismiss. (ECF No. 2).

Pickens has sued Roush in her individual capacity, alleging that she violated his constitutional right of "meaningful and effective access to the court." (ECF No. 1-2, at 3, 7). Pickens asserts that Roush's "unduly prolonged delay" in providing notary services was "willful and malicious" and caused his appeal to be dismissed. (ECF No. 1-2, at 7). As relief, Plaintiff seeks $700,000 in actual and punitive damages. (ECF No. 1-2, at 8). Roush has moved to dismiss Pickens' suit for failure to state a claim, submitting that notary services were not relevant to the dismissal of Pickens' appeal because Pickens' was not required to submit a notarized affidavit in order to proceed *in forma pauperis* on appeal. (ECF No. 2).

## DISCUSSION

A.   <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 12(b)(6), a cause of action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion, the court must "accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the

---

[1] Pickens applied to proceed *in forma pauperis* in the Circuit Court. He may no longer proceed *in forma pauperis* in this Court, absent imminent danger, because he has three "strikes." Pickens has, "on 3 or more prior occasions, while incarcerated or detained in any faculty, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(g). *See Pickens v. Minton*, No. 03-61017 (5th Cir.); *Pickens v. Minton*, No. 4:03-cv-228-WAP (N.D. Miss); Pickens v. Eubanks, No. 2:00-cv-243-LG-LG (S.D. Miss).

plaintiff[ ]." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015) (alterations added) (citations omitted).

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955).

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Pleadings offering merely labels and legal conclusions, or a "formulaic recitation of the elements of a cause of action will not do." *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1937). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (quoting *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1937) (alteration in original). Ultimately, "[t]he [reviewing] court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 662, 129 S. Ct. 1937).

When ruling on a 12(b)(6) motion to dismiss, it is permissible for the court to consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Doe v. United States*, 853 F.3d 792, 800 (5th Cir. 2017), as revised (Apr. 12, 2017) (footnote and internal quotations omitted). Judicial notice may be taken of any fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

It is well established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461–62 (5th Cir. 2010) (quoting *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir.2002)); *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

B.    <u>Analysis</u>

"The civil right of access to courts is a well-established and fundamental right protected by the United States Constitution." *United States v. McRae,* 702 F.3d 806, 829 (5th Cir. 2012). Access must be "adequate, effective, and meaningful." *Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491, 1495, 52 L. Ed. 2d 72 (U.S. 1977). The contours of the right of judicial access have been described as "nebulous." *Crowder v. Sinyard,* 884 F.2d 804, 811 (5th Cir. 1989). The Fifth Circuit "has found the right to be implicated where, for example, prisoners are denied the right to file a lawsuit,

or are denied access to legal materials, or when prison officials failed to forward legal documents." *Foster v. City of Lake Jackson,* 28 F.3d 425, 429 (5th Cir. 1994). The Fifth Circuit has found the right "implicated where the ability to file suit was delayed, or blocked altogether." *Id.* (citing *Ryland v. Shapiro*, 708 F.2d 967, 972 (5th Cir. 1983).

While moving for postconviction relief in the Circuit Court of Forrest County, Pickens proceeded *in forma pauperis*. (ECF No. 1-2, at 16 (Exhibit B)). Mississippi Rule of Appellate Procedure (M.R.A.P.) 6(a)(2) provides: "Notwithstanding the provisions of Rule 6(a)(1), a party who has been permitted to proceed *in forma pauperis* in the trial court may proceed on appeal in *forma pauperis* without further authorization . . . ." M.R.A.P. 6(a)(2). Pickens was aware of this rule because he referenced it in his state-court pleadings, which he attached to his Complaint (ECF No. 1-2, at 1 (Exhibit B)).

Also attached to Pickens' Complaint is a deficiency letter from the Clerk of the Mississippi Supreme Court, dated March 31, 2017. (ECF No. 1-2, at 23). The Clerk's letter advised Pickens that he had fourteen days to either pay the filing fee or advise the Clerk "[i]f any In Forma Pauperis proceeding is pending in the trial court . . . ." (ECF No. 1-2, at 23). The Clerk's letter warned Pickens that his appeal would be dismissed unless he complied. (ECF No. 1-2, at 23). The Clerk's letter did not advise Pickens that he was required to submit a motion for *in forma pauperis* and a notarized affidavit. A motion and notarized affidavit were not necessary under the clear language of M.R.A.P. 6. Because Pickens did not need a notarized

affidavit to proceed *in forma pauperis* or to respond to the Clerk's letter, Pickens' appeal being dismissed cannot be attributed to Roush.

In response to Roush's briefing, which points out the fatal deficiency in Pickens' allegation, Pickens attempts to invoke the exception under M.R.A.P. 6. (ECF No. 8, at 7). Mississippi Rule of Appellate Procedure 6 provides that

> a party who has been permitted to proceed *in forma pauperis* in the trial court may proceed on appeal *in forma pauperis* without further authorization **unless, before or after the notice of appeal is filed, the trial court shall certify that the party is no longer indigent and is not otherwise entitled to proceed *in forma pauperis.*** The court shall state in writing the reasons for such certification or finding.

M.R.A.P. 6(a)(2) (emphasis added).

While Pickens mentions the exception in his Response, he does not allege that the trial court ever certified that he was no longer entitled to proceed *in forma pauperis*. The Court may take judicial notice that the trial court did not by reviewing the Mississippi Supreme Court's docket. *See Sepulvado v. Jindal,* 739 F.3d 716, 719 n.3 (5th Cir. 2013) (finding one court may take judicial notice of another court's judicial actions); *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.,* 390 F.3d 400, 408 n.7 (5th Cir. 2004) (same); Fed. R. Evid. 201(b); *see also* Charles A. Wright & Arthur R. Miller, 21B Fed. Prac. & Proc. § 5106.4 (2d ed. & Supp. 2012) (providing "since the enactment of Rule 201 federal courts notice the records of any court, state or federal").

7

The docket for Mississippi Supreme Court Cause No. 2017-TS-00125-COA shows that the trial court did not certify that Pickens was no longer entitled to proceed *in forma pauperis*. Even assuming that a delay in notary services could fall within the nebulous contours of a right of access claim, Pickens' suit against Roush should be dismissed because there is no question, under the facts as pleaded, that the dismissal of Pickens' appeal cannot be attributed to Roush's delay in providing notary services. Pickens did not need notary services in order to proceed on appeal *in forma pauperis* or to respond to the Mississippi Supreme Court Clerk's deficiency letter.

There is an additional reason why Pickens' Complaint is deficient. Pickens' Complaint describes the acts purportedly frustrating his state court appeal, but Pickens has not identified the "underlying cause of action" that his dismissed appeal was based upon or described the remedy that was prevented by dismissal of his appeal. *See Christopher v. Harbury*, 536 U.S. 403, 415, 122 S. Ct. 2179, 2187, 153 L. Ed. 2d 413 (2002). The United States Supreme Court held in *Christopher v. Harbury* that

> the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation. It follows, too, that when the access claim (like this one) looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought. There is, after all, no point in spending time and money to establish the facts constituting a denial of access when a plaintiff would end up just as well off after

> litigating a simpler case without the denial-of-access element.
>
> . . .
>
> [T]he need for care in requiring that the predicate claim be described well enough to apply the "nonfrivolous" test and to show that the "arguable" nature of the underling claim is more than hope. And because these backward-looking cases are brought to get relief unobtainable in other suits, the remedy sought must itself be identified to hedge against the risk that an access claim be tried all the way through, only to find that the court can award no remedy that the plaintiff could not have been awarded on a presently existing claim.

*Id.* at 415-16.

The Complaint does not identify the underlying claim that Pickens would have argued in his appeal, and the Court therefore cannot determine whether Pickens would have asserted a "nonfrivolous" and "arguable" claim. Pickens' Complaint also fails to state the remedy he sought on appeal, meaning the Court cannot determine whether that remedy could have been awarded.

Having considered the Complaint, its attachments, and the docket for Mississippi Supreme Court Cause No. 2017-TS-00125-COA, the undersigned concludes that Pickens' Complaint does not state a legally cognizable claim that is plausible. Taking all of the facts in Pickens' complaint as true, Pickens' Complaint establishes on its face that there is an insuperable bar to securing relief, namely the fact that Pickens did not need notary services in order to proceed *in forma pauperis* in the state appellate court or to respond to the Mississippi Supreme Court Clerk's deficiency letter. The dismissal of Plaintiff's appeal in state court cannot be

9

attributed to Roush. Roush's Motion to Dismiss under Federal Rule of Civil

Procedure 12(b)(6) should be granted and this cased be dismissed.

NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Role 72(a)(3) of the Local Uniform Civil Rules of the

United States District Courts for the Northern District of Mississippi and the

Southern District of Mississippi, after service of a copy of this Report and

Recommendation, each party has fourteen (14) days to serve and file with the Clerk

of Court any written objections to it. Within seven days of service of objections, the

opposing party must either serve and file a response or notify the District Judge

that he does not intend to respond to the objection. An objecting party must

specifically identify the findings, conclusions, and recommendations to which he

objects; the District Judge need consider frivolous, conclusive, or general objections.

A party who fails to file written objections to the proposed findings, conclusions

within fourteen (14) days of being served a copy is barred, except upon grounds of

plain error, from attacking on appeal any proposed factual finding or legal

conclusion accepted by the District Court to which he did not object. Douglass v.

United Services Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this 27th day of June, 2018.

*s / John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE