IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROCKIE DURAL PICKENS**                                    **PLAINTIFF**

v.                                          CIVIL NO. 1:17cv315-HSO-JCG

**M. LEIGHANN ROUSH**                                    **DEFENDANT**

### ORDER OVERRULING PLAINTIFF'S OBJECTION [27], ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [25], AND GRANTING DEFENDANT'S MOTION TO DISMISS [2]

This matter comes before the Court on Plaintiff Rockie Dural Pickens' Objection [27] to the Report and Recommendation [25] of United States Magistrate Judge John C. Gargiulo entered in this case on June 27, 2018, regarding Defendant M. Leighann Roush's Motion to Dismiss [2]. Based upon his review of Defendant's Motion [2], the related pleadings, and relevant legal authority, the Magistrate Judge determined that Defendant had not violated Plaintiff's constitutional right to access the courts, that Defendant's Motion to Dismiss [2] should be granted, and that this case should be dismissed. R. & R. [27] at 9-10. On July 16, 2018, Plaintiff filed an Objection [27] to the Report and Recommendation.

After thoroughly reviewing Plaintiff's Objection [27], the Magistrate Judge's Report and Recommendation [25], Defendant's Motion to Dismiss [2], the record as a whole, and relevant legal authority, the Court finds that Plaintiff's Objection [27] should be overruled, the Magistrate Judge's Report and Recommendation [25] should be adopted as the finding of the Court, Defendant's Motion to Dismiss [2] should be granted, and this case should be dismissed with prejudice.

I. BACKGROUND

This matter arises out of the Mississippi Supreme Court's dismissal of Plaintiff Rockie Dural Pickens' ("Plaintiff") appeal of the denial of his motion for post-conviction relief by the Circuit Court of Forrest County, Mississippi, following that Court's revocation of his probation. Compl. [1-2] at 1-9; Order [1-3] at 20-23. At all times relevant to the present matter, Plaintiff, a Mississippi Department of Corrections inmate, was housed at the Jackson County Adult Detention Center in Pascagoula, Mississippi, where Defendant M. Leighann Roush ("Defendant") was employed as a paralegal. Mot. to Dismiss [2] at 2. In furtherance of his appeal of the Circuit Court's Order, Plaintiff alleges that on April 11, 2017, he submitted an Affidavit of Poverty to accompany his Motion to Proceed *In Forma Pauperis* before the Mississippi Supreme Court, but that the Defendant did not return the notarized Affidavit until April 21, 2017. *Id.* at 5-6. In the interim, Plaintiff's appeal was dismissed due to his failure to remit the filing fees and appeal costs. Compl. [1-2] at 1-9.

On September 18, 2017, Plaintiff filed a Complaint [1-2] against Defendant Roush pursuant to 42 U.S.C. §1983 in the Circuit Court of Jackson County, Mississippi. The Complaint asserted a claim against Defendant Roush in her individual capacity for allegedly violating Plaintiff's constitutional right of "meaningful and effective access to the court," and sought $700,000.00 in actual and punitive damages. Compl. [1-2] at 3, 7-8. Plaintiff claimed that Defendant's

"prolonged delay" in providing notary services was "willful and malicious" and caused his appeal of the trial court's order to be dismissed. *Id*. at 7.

Defendant removed the case to this Court on November 2, 2017, pursuant to federal question jurisdiction over Plaintiff's § 1983 claim under 28 U.S.C. § 1331. Removal [1] at 1. Defendant has filed a Motion to Dismiss [2] asserting that the Complaint fails to state a claim upon which relief can be granted. Specifically, Defendant argues that notary services were not relevant to the state supreme court's dismissal of Plaintiff's appeal, in that Plaintiff was not required to submit a notarized affidavit in order to proceed *in forma pauperis* on appeal pursuant to Mississippi Rule of Appellate Procedure 6(a)(2). Mot. to Dismiss [2] at 1-6.

Plaintiff has filed a Response in Opposition [8] contending that, in addition to filing a Notice of Appeal [8-10], he also filed a Certificate of Compliance with Rule 11(b)(1) [8-6][1] in which he attested that he was taking the appeal *in forma pauperis*, pursuant to Mississippi Rule of Appellate Procedure 6(a)(2), such that he was not required to pay the costs of preparation of the record on appeal.[2] Resp. in Opp'n [8] at 1-13. Plaintiff argues that either the trial court revoked, or the appellate court failed to take notice of, his *in forma pauperis* status, which is why he received a

---

[1] Plaintiff's Certificate [8-6] refers to Mississippi Rule of Appellate Procedure 11(b)(1).

[2] Plaintiff's Notice of Appeal [8-10] reflects that it was signed on February 2, 2017, while his Certificate [8-6] reflects a signature date of March 2, 2017. Both documents reflect that the Forrest County Circuit Clerk filed them on March 7, 2017.

3

deficiency notice. For this reason, Plaintiff maintains that his Affidavit of Poverty was essential to prosecute his appeal, *id.*, and that his appeal was dismissed due to Defendant's failure to timely notarize his Affidavit of Poverty so that he could submit it to the appellate court, *id.* at 1-13.

On June 27, 2018, the Magistrate Judge entered a Report and Recommendation [25], determining that Plaintiff's Complaint failed to state a claim upon which relief can be granted. The Magistrate Judge recommended that this case be dismissed with prejudice for two reasons: (1) the dismissal of Plaintiff's appeal could not be attributed to Defendant because Plaintiff did not need a notarized affidavit to respond to the Mississippi Supreme Court Clerk's deficiency letter; and (2) the Complaint did not identify the underlying cause of action which would have afforded him relief had his appeal actually gone forward. R. & R. [25] at 5-10.

On July 16, 2018, Plaintiff filed an Objection [27] to the Report and Recommendation. Obj. [27] at 1-13. Plaintiff maintains that he could have successfully appealed the revocation of his probation if only the Defendant had timely notarized and returned his Affidavit of Poverty.

## II. DISCUSSION

A. Standard of review

Because Plaintiff has objected to the Magistrate Judge's Report and Recommendation, this Court is required to make a de novo determination of "'those portions of the [magistrate's] report or specified proposed findings or

recommendations to which objection is made.'" *Funeral Consumers Alliance, Inc. v. Serv. Corp Int'l*, 695 F.3d 330, 347 (5th Cir. 2012) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983) (quoting 28 U.S.C. § 636(b)(1)); *see also Longmire v. Guste,* 921 F.2d 620, 623 (5th Cir. 1991) (noting parties are entitled to a de novo review by an Article III Judge as to those issues to which an objection is made).

A court is not required, however, to make new findings of fact independent of those made by a magistrate. *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000). Nor is a court required to reiterate the findings and conclusions of a magistrate judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). A court need not consider objections which are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987); *see also Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir.1982) ("Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court.").

B.    Plaintiff's Objection to the Report and Recommendation

Plaintiff objects to both of the Report and Recommendation's findings: (1) that the dismissal of his appeal could not be attributed to Defendant because Plaintiff did not need a notarized affidavit to respond to the Mississippi Supreme Court Clerk's deficiency letter or to pursue an appeal; and (2) the Complaint did not identify the underlying cause of action which would have afforded Plaintiff relief had his appeal had been allowed to proceed. Obj. [27] at 1-13.

5

1. <u>Plaintiff's notary service argument</u>

Plaintiff's first objection to the Report and Recommendation simply reiterates his position that his state court appeal was dismissed solely based upon the failure of Defendant to timely notarize his Affidavit of Poverty. Obj. [27] at 4-8.

A review of the pleadings in this matter clearly demonstrates that Plaintiff has admitted he knew that, under Mississippi Rule of Appellate Procedure 6, he was not required to submit a new affidavit of poverty or to obtain a new order granting him *in forma pauperis* status because he was allowed to proceed *in forma pauperis* in the trial court. Plaintiff fails to adequately respond to the Report and Recommendation by proffering any explanation as to why he could not have simply forwarded a copy of the Forrest County Circuit Court's Order granting him *in forma pauperis* status to the Mississippi Supreme Court Clerk or otherwise sought to obtain a copy of that Order from the Forrest County Circuit Clerk.

Having conducted a de novo review of the record, the Court agrees with the Magistrate Judge that a notarized affidavit was not necessary in order for Plaintiff to pursue his state court appeal or to respond to the Mississippi Supreme Court Clerk's deficiency letter. Even taking as true Plaintiff's allegation that Defendant failed to timely supply notary services, there is no causal link between Defendant's actions and the dismissal of Plaintiff's state court appeal. Thus, Defendant cannot be found to have violated Plaintiff's right to "meaningful and effective access to the court[s]." Compl. [1-2] at 7.

2. <u>Plaintiff's failure to identify the "underlying cause of action" upon which his state court appeal was based</u>

Plaintiff objects to the Magistrate Judge's recommendation that Defendant's Motion to Dismiss be granted on the alternative basis that Plaintiff failed to identify the "underlying cause of action" upon which his state court appeal was based, or what potential relief he could have obtained had the appeal had gone forward. Obj. [27] at 8-11. Because the Court has already concluded that the Complaint otherwise fails to state a claim against Defendant upon which relief can be granted, it need not resolve this objection as it would not alter the outcome.

After due consideration of the Objection [27], the Report and Recommendation [25], the record as a whole, and relevant legal authority, the Court finds that the Report and Recommendation should be adopted as the finding of this Court, that Defendant's Motion to Dismiss should be granted, and that Plaintiff's claims should be dismissed with prejudice.[3]

## III. CONCLUSION

Plaintiff's Objection [27] will be overruled, and the Magistrate Judge's Report and Recommendation [25] will be adopted as the finding of this Court. Defendant's Motion to Dismiss [2] will be granted, and Plaintiff's claims will be dismissed with prejudice.

---

[3] Although the Report and Recommendation did not address whether Plaintiff's claims should be dismissed with prejudice, the Court is of the view that, predicated upon Plaintiff's penchant for filing frivolous complaints, these claims should be dismissed with prejudice to assure that they will not be re-urged in future litigation. R. & R. [25] at 3 n.1 (Plaintiff has three strikes pursuant to 28 U.S.C. § 1915(g)).

7

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Rockie Dural Pickens' Objection [27] is **OVERRULED**, the Magistrate Judge's Report and Recommendation [25] is adopted as the finding of the Court, and Defendant M. Leighann Roush's Motion to Dismiss [2] is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Rockie Dural Pickens' claims against Defendant M. Leighann Roush are hereby **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this Civil Action is **DISMISSED WITH PREJUDICE**. A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 7th day of September, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE